UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TELLY ROYSTER, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-08-0616 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| DEBRA MAHLMEISTER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

Plaintiff Telly Royster, an inmate currently confined at the Huntingdon State Correctional Institution ("SCI-Huntingdon") in Huntingdon, Pennsylvania,[1] commenced this *pro se* action by filing a Complaint (Doc. 1) pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff also has filed a Motion for leave to proceed *in forma pauperis* (Doc. 2).

Plaintiff's Complaint was not in compliance with the Federal Rules of Civil Procedure, and therefore, by Order dated May 9, 2008, the Court gave Plaintiff an opportunity to file an amended complaint within twenty (20) days. (Doc. 10.) Presently before the Court is Plaintiff's Motion for appointment of counsel and for an extension of time in which to file his amended complaint. (Doc. 11.) For the reasons set forth below, the Court will deny Plaintiff's Motion for appointment of counsel, but will grant an extension of time to file an amended complaint.

---

1. Inasmuch as it is apparent from the instant Motion that Plaintiff has returned to SCI-Huntingdon from a temporary stay at the SCI-Rockview mental health unit, the Court has changed Plaintiff's address on the docket. However, Plaintiff is reminded that, if his address changes during the course of this litigation, he has an obligation to immediately notify the Court in writing of his new address. (*See* Doc. 6, Standing Practice Order, at 4.)

I. **Appointment of Counsel**

It is well-established that prisoners have no statutory or constitutional right to appointment of counsel in a civil case. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, it is within the discretion of the district court to appoint counsel under 28 U.S.C. § 1915(e)(1). *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). In considering whether to appoint counsel, a court first should determine whether the plaintiff's claim has some arguable merit in fact and law. *Parham*, 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 157). Once the court has determined that the action is sufficiently meritorious, it should consider the following six *Tabron* factors to determine whether the appointment of counsel is appropriate:

   (1) the plaintiff's ability to present his or her own case;

   (2) the difficulty of the particular legal issues;

   (3) the degree to which factual investigation will be necessary and the ability
   of the plaintiff to pursue such investigation;

   (4) the plaintiff's ability to retain counsel on his or her own behalf;

   (5) the extent to which a case is likely to turn on credibility determinations,
   and;

   (6) whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57).

Initially, the Court observes that, because Plaintiff's Complaint presented numerous claims concerning unconnected issues, it is not possible at this stage to determine whether

Plaintiff's claims have any arguable merit in fact or in law.  *See Parham*, 126 F.3d at 457.  Therefore, the Court will assume that Plaintiff's claims have merit for the purpose of considering the *Tabron* factors.

An application of the *Tabron* factors in the instant case reveals that Plaintiff has not set forth sufficient special circumstances that warrant the appointment of counsel.  *See Tabron*, 6 F.3d at 155-56.  Royster claims that he is unable to present his own case because he is being treated with psychotropic medications for "schizo-effective symptoms, paranoia, and depression."  (Doc. 11 ¶ 2.)  Even if medications impair Royster's ability to present his own case, it appears that he has been able to obtain assistance and to access the necessary resources to prepare the Motion presently before the Court.  Moreover, Plaintiff asserts that he was recently transferred back to SCI-Huntingdon from the mental health unit at SCI-Rockview, and therefore, he is no longer under special mental health care.  Moreover, despite Royster's assertion to the contrary, to the extent the claims in his Complaint were clear to the Court, they centered around issues including excessive use of force, conditions of confinement, denial of food, harassment, and restriction on freedom of religion.  As such, the legal issues do not appear to be overly complex.

At this very early stage, it is not possible to ascertain the degree to which factual investigation will be necessary, the likelihood that the case will turn on credibility determinations, or whether expert testimony will be necessary, and thus Plaintiff's concern about these issues is premature.  While Plaintiff's inability to pay for his own attorney weighs in favor of appointing counsel, overall, the Court cannot say at this stage that Plaintiff is unable to litigate this case on his own.  Furthermore, this court's liberal

construction of *pro se* pleadings weighs against the appointment of counsel.  *See Haines v. Kerner*, 404 U.S. 519 (1972).

Therefore, Plaintiff's Motion for Appointment of Counsel will be denied.  In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed by Plaintiff.

**II.  Extension of Time**

In support of his Motion for an extension of time to file an amended complaint, Royster asserts that, because of his recent transfer from the mental health unit at SCI-Rockview back to SCI-Huntingdon, he lost a substantial amount of the time that was granted to him to prepare his amended complaint.  (Doc. 11 ¶ 12.)  In light of the disposition of his Motion to appoint counsel, the Court will grant Plaintiff's Motion for an extension of time, and he will be given an additional twenty (20) days to submit an amended complaint.

Plaintiff is again reminded that the amended complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the Complaint  already filed.  The amended complaint should set forth Plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs.  It should specify the offending actions taken by a particular Defendant, be signed, and indicate the nature of the relief sought.  **Further, the claims set forth in the amended document should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all**

4

**defendants.** If Plaintiff fails to timely file an amended complaint within twenty (20) days from the date of this Order, this case will be closed.

    An appropriate Order follows.


June 9, 2008                                                   s/ A. Richard Caputo
                                                             A. RICHARD CAPUTO
                                                             United States District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TELLY ROYSTER, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-08-0616 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| DEBRA MAHLMEISTER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW, THIS 9th DAY OF JUNE, 2008, IT IS HEREBY ORDERED THAT** Plaintiff's Motion for appointment of counsel and for an extension of time (Doc. 11) is **DENIED** in part and **GRANTED** in part as follows:

    1.    The Motion for appointment of counsel is **DENIED** without prejudice. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed by Plaintiff.

    2.    The Motion for an extension of time is **GRANTED**. Within twenty (20) days from the date of this Order, Plaintiff shall file an amended complaint.

    3.    Plaintiff is forewarned that, if he fails to file an amended complaint within twenty (20) days from the date of this Order, this case will be closed.

                                          s/ A. Richard Caputo
                                          A. RICHARD CAPUTO
                                          United States District Judge